UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy E Finley, ) | C/A No. 6-11-196-HFF-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | ***Partial Summary Dismissal*** |
| Narcotics Detective Timothy M. Conroy, in his individual ) | |
| and official capacity; Narcotics Detective Bobby Carias, ) | |
| in his individual and official capacity; Captain Dave M. ) | |
| Henderson, in his individual and official capacity; Chief ) | |
| of Police Willie L. Johnson, in his individual and official ) | |
| capacity; Oshun Cyrus Hinton; and William D. ) | |
| Richardson, ) | |
| Defendants. ) | |
| _____ ) | |

This is a civil action filed *pro se* by Plaintiff against four current or former Greenville (SC) City Police Department officers and two attorneys who were appointed to represent Plaintiff in connection with a criminal proceeding in this Court. Plaintiff has filed an Application to Proceed *in forma pauperis*.[1] The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Plaintiff alleges that the four Defendants who are/were police officers, *i.e.* Defendants Conroy, Carias, Henderson, and Johnson, violated his Fourth Amendment rights by arresting and seizing him without probable cause, thereafter wrongfully or maliciously prosecuting him, and subjecting him to pretrial detention and attempting to prove that he was insane and incompetent to stand trial for some 27 months. ECF No. 1, p. 11. Plaintiff's Fourth Amendment/Malicious Prosecution

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(b) and (e), this magistrate judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se,* and to submit findings and recommendations to the District Court.

claims arise out of Plaintiff's prosecution in *United States v. Finley*, C/A No. 6:05-707-HFF (D.S.C.), which was terminated on January 23, 2008, when, on the Government's motion, the indictment against Plaintiff was dismissed without prejudice by the Honorable Henry F. Floyd, United States District Judge. *See* Order, *United States v. Finley*, C/A No. 6:05-707-HFF (D.S.C. January 23, 2008) ECF No. 849.[2] To his claim for relief against Defendants Conroy, Carias, Henderson, and Johnson, under 42 U.S.C. § 1983,[3] Plaintiff adds a claim against these Defendants for intentional infliction of emotional distress. ECF No. 1, p. 12-13. Plaintiff's Complaint also alleges a cause of action against Defendants Hinton and Richardson, two attorneys who were appointed by the Court to represent Plaintiff in his aforementioned criminal case, for legal malpractice. ECF No. 1, p. 12.

The Complaint in this case is subject to partial summary dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as to Defendants Hinton and Richardson, because the cause of action for legal malpractice alleged against them by Plaintiff is untimely, fails to state a claim on which relief may be granted by this Court, and is, consequently, frivolous.

---

[2] The Court takes judicial notice of the proceedings and records in *United States v. Finley*, C/A No. 6:05-707-HFF (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949); *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

[3] The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and a seizure of an individual effected with excessive force or without probable cause is unreasonable. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). Section 1983, not a source of substantive rights itself, is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff's Complaint alleges "For a Third Cause of Action" that Defendants Hinton and Richardson committed legal malpractice against Plaintiff. *See* ECF No. 1, p. 12. The elements of a legal malpractice action in South Carolina are: (1) the existence of an attorney-client relationship; (2) breach of a duty by the attorney; (3) damage to the client; and (4) proximate causation of the client's damages by the breach. *See McNair v. Rainsford*, 499 S.E.2d 488 (S.C. Ct. App. 1998). Plaintiff's Complaint alleges as follows: an attorney-client relationship existed between Plaintiff and Defendants Hinton and Richardson; there was a breach of a duty owed to Plaintiff by Defendants Hinton and Richardson; Plaintiff was damaged by Defendants Hinton's and Richardson's breach of duty; and Plaintiff's damages were proximately caused by Defendants Hinton's and Richardson's breach. ECF No. 1, p. 12.

4

The statute of limitations for attorney negligence actions in South Carolina is three years.  *See* S.C. Code Ann. § 15-3-530(5)[4]; *In True v. Monteith*, 489 S.E.2d 615 (S.C. 1997). Thus, the applicable statute of limitations for the legal malpractice cause of action alleged in Plaintiff's Complaint against Defendants Hinton and Richardson is three years.  The Court has taken judicial notice of Plaintiff's prior proceedings in this Court[5] in which Defendant Hinton was appointed to represent Plaintiff on December 15, 2005 (*see* Appointment of and Authority to Pay Court Appointed Counsel, *United States v. Finley*, 6:05-707-HFF (D.S.C. December 15, 2005), ECF No. 292) and was terminated as Plaintiff's counsel on January 9, 2006, at which time attorney Rick Vieth was appointed to represent Plaintiff.  *See* Appointment of and Authority to Pay Court Appointed Counsel, *United States v. Finley*, 6:05-707-HFF (D.S.C. January 9, 2006), ECF No. 307.  Attorney Vieth was replaced by Defendant Richardson.  Defendant Richardson was appointed to represent Plaintiff on February 23, 2006 (*see* Appointment of and Authority to Pay Court Appointed Counsel, *United States v. Finley*, 6:05-707-HFF (D.S.C. February 23, 2006), ECF No. 349) and was terminated as Plaintiff's counsel on June 26, 2006 by an oral order of the Court, after a hearing on Defendant Richardson's Motion to Withdraw as Attorney, which was filed on June 19, 2006. *See* June 26, 2006 Docket Text Entry, *United States v. Finley*, 6:05-707-HFF (D.S.C. June 26, 2006), ECF No. 498.[6]  This Court's records in Plaintiff's criminal case establish that an

---

[4] "Except as to actions initiated under Section 15-3-545 [medical malpractice actions], all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."  S.C. Code Ann. § 15-3-535.

[5] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[6] Subsequently, attorney Elizabeth Patterson Wiygul was appointed to represent Plaintiff (*see* Appointment of and Authority to Pay Court Appointed Counsel, *United States v. Finley*, 6:05-
(continued...)

attorney-client relationship between Plaintiff and Defendants Hinton and Richardson existed, as to Hinton, only from December 15, 2005 until January 9, 2006, and, as to Richardson, only from February 23, 2006 until June 26, 2006.

Plaintiff's Complaint alleges that Defendant Hinton "took no action to reverse" an allegedly unlawful order for a competency evaluation entered in Plaintiff's criminal case, on December 16, 2006, by Magistrate Judge Catoe.  Plaintiff alleges that Defendant Hinton failed "to protect [Plaintiff's] interests regarding such unlawful order that caused the Plaintiff to be held without bail, stopped the speedy trial clock and caused [Plaintiff] to be falsely imprisoned for some 185 days, instead of the forty-five (45) specified in the Order."  ECF No. 1, p. 7.  Plaintiff further alleges that:

> On July 28, 2006 [Plaintiff] filed notice of his intent to rely on the defense of "public authority" pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure. Defendant Hinton and Richardson failed and refused to investigate the Plaintiff's claims that he was actually innocent and instead, aided and abetted the prosecution in attempting to secure the Plaintiff's conviction by reason of insanity; or incompetence to stand trial.  Defendant Hinton and Richardson violated their professional duty of care to the Plaintiff, by failing to even expend the energy necessary to pick up the telephone and call the South Carolina Law Enforcement Division, who would have confirmed that the Plaintiff was a former law enforcement officer (which would have cast grave doubt on the prosecution's argument that the Plaintiff was insane); and instead, acquiesced and acted jointly in attempting to prove that Plaintiff was insane or incompetent to stand trial because the Plaintiff had asserted that: 1) he was a former law enforcement officer; and 2) a "public authority" defense. . . . The Plaintiff could not force Defendants Hinton and Richardson to file a Motion for the Appointment of a Private Investigator.  Although the Plaintiff was terrified of representing himself in a criminal case in federal court that carried a life sentence, that decision ultimately saved his life.

---

⁶(...continued)
707-HFF (D.S.C. June 27, 2006), ECF No. 500, and she served as Plaintiff's counsel until September 19, 2007, when the Court granted Plaintiff's motion to be allowed to represent himself and appointed Ms. Wiygul and attorney James Loggins as stand-by counsel for Plaintiff.  *See* Docket Text Entry  and Order Nos. 671 and 672, *United States v. Finley*, 6:05-707-HFF (D.S.C. September 19, 2007).

ECF No. 1, p. 8-9.

The acts of Defendants Hinton and Richardson that constituted the claimed breach of duty to Plaintiff are alleged to have been committed by Defendants during the course of the parties' attorney-client relationships, between December 15, 2005 and June 26, 2006. Plaintiff filed the instant Complaint on January 24, 2011, more than four and a half years after the occurrence of the acts that he complains of and more than four and a half years after the termination of his attorney-client relationships with Defendants Hinton and Richardson. Thus, it plainly appears on the face of the Complaint that Plaintiff's legal malpractice claim in this case against Defendants Hinton and Richardson was filed more than a year and half *after* the expiration of the three-year statute of limitations on legal malpractice claims in South Carolina.[7] Plaintiff alleges no facts as to why his cause of action for legal malpractice should be considered timely. Because over four and a half years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit against Defendants Hinton and Richardson, Plaintiff's claim[8] is untimely, fails to state a claim on which relief may be granted, and must, consequently, be dismissed as frivolous.[9]

---

[7] Under S.C. Code Ann. § 15-3-535 (2005), the statute of limitations [for legal malpractice] is triggered not merely by knowledge of an injury but by knowledge of diligently acquired facts sufficient to put an injured person on notice of the existence of a cause of action against another. The standard as to when the limitations period begins to run is objective rather than subjective. Furthermore, the statute is not delayed until the injured party seeks advice of counsel or develops a full-blown theory of recovery; instead, reasonable diligence requires a plaintiff to act with some promptness. *Kelly v. Logan, Jolley, & Smith, L.L.P.*, 682 S.E.2d 1, 4-5 (S.C. Ct. App. 2009).

[8] To the extent the plaintiff's fourth cause of action for Intentional Infliction of Emotional Distress is also alleged against Defendants Hinton and Richardson, that claim is also untimely. *See Parkman v. University of South Carolina*, No. 01-1596, 2002 WL 1792098, at *11 (4th Cir. 2002) (under South Carolina law, three-year limitations period governs claim of intentional infliction of emotional distress).

[9] Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading.
(continued...)

**Recommendation**

Accordingly, it is recommended that the Complaint be partially dismissed as to Defendants Hinton and Richardson, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). The Complaint should be served on the remaining Defendants, Conroy, Carias, Henderson, and Johnson. Plaintiff's attention is directed to the important notice on the next page.

                                                            s/Kevin F. McDonald
                                                            United States Magistrate Judge

March 16, 2011
Greenville, South Carolina

---

[9](...continued)
*See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing *Todd*, 712 F.2d 70, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted)).

8

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).