IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Timothy E. Finley, ) | |
| ) | Civil Action No. 6:11-196-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Narcotics Detective Timothy M. Conroy, ) | |
| Narcotics Detective Bobby Carias, ) | |
| Captain Dave M. Henderson, and ) | |
| Chief of Police Willie L. Johnson, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation (Dkt. # 69). The *pro se* Plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983. In his Complaint (Dkt. # 1), Plaintiff included claims for violation of his Fourth Amendment rights, malicious prosecution, and intentional infliction of emotional distress, all arising from his arrest by federal authorities on drug charges. The Magistrate Judge's Report and Recommendation, filed on November 22, 2011, recommends that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) citing *Ballard v. Carlson*, 882 F.2d at 95 (1989). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report and Recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.

1

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After the only remaining Defendants filed a Motion for Summary Judgment on August 15, 2011, the Magistrate Judge filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and consequences of failure to adequately respond (Dkt. # 48). The Plaintiff's response was due on or before September 19, 2011. The Magistrate Judge filed a second Order on September 22, 2011 (Dkt. # 58) advising the Plaintiff of his right to respond to the Defendants' Motion for Summary Judgment. On October 28, 2011, the Magistrate Judge filed another Order (Dkt. # 65) which also advised the Plaintiff of his right to file a response to the Defendants' Motion for Summary Judgment. In both Orders, the Plaintiff was specifically advised that the action would be dismissed for failure to prosecute if he failed to respond within the time frames provided. The Plaintiff has not filed a response to the same. Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action.

Plaintiff was mailed a copy of the Report and Recommendation and Notice of his right to file objections to the same (Dkt. # 69 and 69-1). Objections to the Report and Recommendation were due on December 9, 2011. However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v.*

*Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 69) and incorporates it herein. Accordingly, this action is **DISMISSED** for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Hilling v. Commissioner of Internal Revenue*, 916 F.2d 171 (4th Cir. 1990).

**IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

Greenville, South Carolina
December 19, 2011

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.